**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**AMARILLO DIVISION**

| | | |
|---|---|---|
| **CHRISTOPHER K. MCNEILL,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 2:23-CV-041-Z** |
| | § | |
| **TYSON FRESH MEATS, INC.,** | § | |
| | § | |
| **Defendant** | § | |

**DEFENDANT TYSON FRESH MEATS, INC.'S BRIEF IN SUPPORT OF ITS**
**RULE 12(b)(6) MOTION TO DISMISS PLAINTIFF'S ORIGINAL COMPLAINT OR IN**
**THE ALTERNATIVE RULE 12(c) MOTION FOR JUDGMENT ON THE PLEADINGS**

## TABLE OF CONTENTS

PAGE

I.     SUMMARY OF ARGUMENT ................................................................... 1

II.    RELEVANT BACKGROUND .................................................................. 1

III.   LEGAL STANDARDS ............................................................................ 2

       A.    Rule 12(b)(6) Standard ................................................................. 2

       B.    Rule 12(c) Standard ..................................................................... 3

IV.    ARGUMENTS AND AUTHORITIES ...................................................... 4

       A.    Plaintiff Failed to Exhaust Administrative Remedies for His Claims of
             Retaliation, Disability Discrimination, and Failure to Accommodate .................. 4

       B.    Plaintiff's Intentional Infliction of Emotional Distress and Negligence
             Claims and Are Preempted. ................................................................. 7

       C.    Even if Not Preempted, Plaintiff's Intentional Infliction of Emotional
             Distress Claim Fails as a Matter of Law. .............................................. 8

       D.    Plaintiff's Allegations Relating to His Negligence Claim Fail to Satisfy
             Iqbal and Twombly. ....................................................................... 8

             1.    Plaintiff Fails to Properly Allege an Actionable Legal Duty .................... 9

             2.    Plaintiff Fails to Properly Allege Causation. ............................... 9

       E.    Plaintiff's Claim for Religious Discrimination Fails as a Matter of Law. ........... 10

             1.    Plaintiff Does Not Hold a Bona Fide Religious Belief. ......................... 11

             2.    Plaintiff Did Not Suffer an Adverse Employment Action. ...................... 12

V.     CONCLUSION ..................................................................................... 13

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Ackerson v. Bean Dredging LLC*,
    589 F.3d 196 (5th Cir. 2009) ...................................................4

*Africa v. Com. of Pa.*,
    662 F.2d 1025 (3d Cir. 1981)...............................................11

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)........................................................2, 3, 8, 10

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ................................................................2, 8

*Blasienz v. Hostmark Hosp. Group, Inc.*,
    No. CV H-18-0263, 2018 WL 11472372 (S.D. Tex. Apr. 26, 2018) ......................8

*Cambridge Strategies, LLC v. Cook*,
    Civ. Action No. 3:10-CV-2167-L, 2012 WL 176587 (N.D. Tex. Jan. 23, 2012).....................3

*Carter v. H2R Rest. Holdings, LLC*,
    No. 3:16-cv- 1554-N-BN, 2017 WL 4548313 (N.D. Tex., Oct. 12, 2017) ............................7

*Chhim v. Univ. of Tex. at Austin*,
    836 F.3d 467 (5th Cir. 2016) .................................................11

*Collins v. Morgan Stanley Dean Witter*,
    224 F.3d 496 (5th Cir. 2000) ....................................................5

*Creditwatch, Inc. v. Jackson*,
    157 S.W.3d 814 (Tex. 2005)......................................................8

*Davis v. Fort Bend Cty.*,
    765 F.3d 480 (5th Cir. 2014) .................................................11

*Doe v. Boys Clubs of Greater Dallas, Inc.*,
    907 S.W.2d 472 (Tex. 1995).......................................................10

*Doe v. United States*,
    419 F.3d 1058 (9th Cir. 2005) ..................................................3

*Elephant Ins. Co., LLC v. Kenyon*,
    644 S.W.3d 137 (Tex. 2022)......................................................9

*Excel Corp. v. Apodaca*,
    81 S.W.3d 817 (Tex. 2002) ............................................................................... 9

*Finkbeiner v. Geisinger Clinic*,
    No. 4:21-CV-01903, 2022 WL 3702004 (M.D. Pa. Aug. 26, 2022) ...................... 11

*Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*,
    313 F.3d 305 (5th Cir. 2002) ........................................................................... 3, 5

*Guidry v. Bank of LaPlace*,
    954 F.2d 278 (5th Cir. 1992) .............................................................................. 3

*Hansard v. Johns–Manville Prod. Corp.*,
    1973 WL 129 (E.D. Tex. 1973) ......................................................................... 12

*Hebert Abstract Co. v. Touchstone Props., Ltd.*,
    914 F.2d 74 (5th Cir. 1990) ................................................................................ 5

*Hernandez v. Casey*,
    Civ. A. No. 3:16-CV-452-M-BH, 2017 WL 685679 (N.D. Tex. Jan. 12, 2017) .... 10

*Howe v. Yellowbook*,
    840 F. Supp. 2d 970 (N.D. Tex. 2011) ................................................................ 7

*Hussein v. The Waldorf-Astoria*,
    134 F. Supp. 2d 591 (S.D. N.Y. 2001) ............................................................... 12

*Int'l Soc'y for Krishna Consciousness, Inc. v. Barber*,
    650 F.2d 430 (2d Cir. 1981) ............................................................................. 12

*Jebaco, Inc. v. Harrah's Operating Co.*,
    587 F.3d 314 (5th Cir. 2009) .............................................................................. 4

*Jones v. Halliburton Co.*,
    791 F. Supp. 2d 567 (S.D. Tex. 2011) ................................................................. 8

*Kojin v. Barton Protective Serv.*,
    339 F.Supp.2d 923 (S.D. Tex. 2004) ................................................................... 6

*McReynolds v. Bell Textron, Inc.*,
    No. 4:22-CV-00194-O-BP, 2023 WL 2432916 (N.D. Tex. Feb. 2, 2023) .............. 7

*Miller v. Stanmore*,
    636 F.2d 986 (5th Cir. 1981) .............................................................................. 3

*Mission Petroleum Carriers, Inc. v. Solomon*,
    106 S.W.3d 705 (Tex. 2003) ............................................................................... 9

*Novitsky v. Am. Consulting Eng'rs, L.L.C.*,
  196 F.3d 699 (7th Cir. 1999) ...................................................................6

*Pacheco v. Mineta*,
  448 F.3d 783 (5th Cir. 2006) ...................................................................4

*Patton v. Jacobs Eng'g Grp.*,
  874 F.3d 437 (5th Cir. 2017) ...................................................................4

*Raj. v. La. State Univ.*,
  714 F.3d 322 (5th Cir. 2013) .................................................................11

*Sonnier v. State Farm Mut. Auto. Ins. Co.*,
  509 F.3d 673 (5th Cir. 2007) ...................................................................3

*Stewart v. Smitty's Supply, Inc.*,
  No. CV 18-10058, 2020 WL 433362 (E.D. La. Jan. 28, 2020) ................6

*Sudduth v. Tex. Health & Human Services Comm'n*,
  No. A-13-CA-918-SS, 2014 WL 2858234 (W.D. Tex. June 23, 2014) ...................6

*Together Employees v. Mass General Brigham, Inc.*,
  573 F.Supp.3d 412 (D. Mass 2021) ......................................................12

*We The Patriots USA, Inc. v. Hochul*,
  17 F.4th 266 (2d. Cir. 2021) ................................................................11

*Young v. City of Houston*,
  906 F.2d 177 (5th Cir. 1990) ...................................................................4

**Statutes**

Title VII of the Civil Rights Act of 1964.........................................................5

**Other Authorities**

FED. R. CIV. P. Rule 7(a)................................................................................3

FED. R. CIV. P. Rule 8(a)...........................................................................2, 10

FED. R. CIV. P. Rule 12(b)........................................................................2, 3, 4

FED. R. CIV. P. Rule 12(c).........................................................................3, 4

Defendant Tyson Fresh Meats, Inc. ("Tyson") files this Brief in Support of Its Rule 12(b)(6) Motion to Dismiss Plaintiff's Original Complaint or in the Alternative Rule 12(c) Motion for Judgment on the Pleadings and respectfully shows the Court as follows:

## I.
## SUMMARY OF ARGUMENT

Plaintiff's claims warrant dismissal as they are barred by Plaintiff's failure to exhaust administrative remedies, preempted, and/or fail to satisfy the requisite pleading standards. Specifically, Plaintiff failed to exhaust his administrative remedies for his disability discrimination, retaliation, and failure to accommodate claims. Further, Plaintiff's intentional infliction of emotional distress and negligence claims are preempted. Finally, Plaintiff's remaining causes of action fail to satisfy the pleading standards, and a result, fail as a matter of law.

## II.
## RELEVANT BACKGROUND[1]

Plaintiff is a former Tyson employee. During his employment, Tyson implemented its COVID-19 Vaccination Policy (the "Policy"), which required its U.S. workforce to receive the COVID-19 Vaccine by November 1, 2021. To ensure the Policy was fair and addressed the needs of Tyson's team members, Tyson provided reasonable accommodations to those team members who could not receive, or objected to receiving, the COVID-19 vaccine due to, in part, a sincerely held religious belief. Specifically, Tyson accommodated employees by offering them the opportunity to participate in Tyson's Leave of Absence Plus ("LOA Plus") program, which provided the team member with potentially up to one year of unpaid leave with the continuation of the team member's healthcare benefits with premium contribution from Tyson.

---

[1] For purposes of this motion only, Tyson accepts the allegations pleaded in Plaintiff's Complaint as true, as required by the applicable legal standards.

On October 5, and October 13, 2021, Plaintiff requested a religious exemption from the Policy.  Tyson accepted Plaintiff's exemption requests and informed him of the accommodation available to him, *i.e.*, LOA Plus.  Rather than accept the accommodation, Plaintiff received the COVID-19 vaccine on or about October 18, 2021.  Shortly thereafter, Plaintiff requested, and Tyson provided him with, a leave of absence.

On or about December 17, 2021, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") asserting only a claim for religious discrimination.  More than one year later, on or about December 14, 2022, Plaintiff's employment with Tyson ended.

On March 14, 2023, Plaintiff filed the instant lawsuit asserting claims for religious and disability discrimination, failure to accommodate, retaliation, negligence, and intentional infliction of emotional distress.  *See* (Dkt. #3).  As discussed herein, each of Plaintiff's claims fail as a matter of law.

## III.
## LEGAL STANDARDS

### A.      Rule 12(b)(6) Standard

The Federal Rules of Civil Procedure require "a short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2).  If a plaintiff fails to satisfy Rule 8(a), the defendant may file a motion to dismiss the plaintiff's claims for "failure to state a claim upon which relief may be granted."  FED. R. CIV. P. 12(b)(6).  To defeat the motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Id.* (citing *Twombly*, 550 U.S. at 556). If a complaint pleads facts that are "'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

In reviewing a Rule 12(b)(6) motion, the Court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). Although a pro se plaintiff is held to less strict standards than parties represented by counsel, even a pro se plaintiff's complaint must show specific, well-pleaded facts to avoid dismissal. *See Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981); *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). The Court is not bound to accept "[t]hreadbare recitals of the elements of a cause of action" or conclusory allegations as true. *See Iqbal*, 556 U.S. at 678–79. In sum, complaints "demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* 556 U.S. at 678.

Here, Plaintiff's allegations stop short of the line between possibility and plausibility of entitlement to relief, and his Complaint should be dismissed in its entirety.

**B.       Rule 12(c) Standard**

After the pleadings are closed, but early enough not to delay trial, a party may move for judgment on the pleadings.[2] FED. R. CIV. P. 12(c). The purpose of Rule 12(c) is "to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Great Plains Trust Co.*

---

[2] The pleadings are considered "closed" under Rule 12(c) "once a complaint and answer have been filed, assuming, as is the case here, that no counterclaim or cross-claim is made." *Doe v. United States*, 419 F.3d 1058, 1061 (9th Cir. 2005) (explaining that the timetable set forth in Rule 12(c) is informed by Rule 7(a)'s listing of pleadings); *see Cambridge Strategies, LLC v. Cook*, Civ. Action No. 3:10-CV-2167-L, 2012 WL 176587, at *4 (N.D. Tex. Jan. 23, 2012) (recognizing that the pleadings are closed "upon the filing of a complaint and an answer"). Here, the pleadings are "closed" because Plaintiff filed his Complaint (Dkt. #3), and Tyson filed its Answer (Dkt. #15).

*v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (quoting *Hebert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990)).

"A motion for judgment on the pleadings under Rule 12(c) is subject to the same standard as a motion to dismiss under Rule 12(b)(6)." *Ackerson v. Bean Dredging LLC*, 589 F.3d 196, 209 (5th Cir. 2009) (internal quotations omitted).  To survive a motion to dismiss on the pleadings, a complaint must provide enough facts to state a claim for relief that is plausible on its face. *Jebaco, Inc. v. Harrah's Operating Co.*, 587 F.3d 314, 318 (5th Cir. 2009).  The complaint must allege more than "labels and conclusions," for example, "a formulaic recitation of the elements of a cause of action will not do," and, finally, "factual allegations must be enough to raise a right to relief above the speculative level."  *Id.* (quoting *Twombly*, 550 U.S. at 555).

## IV.
## ARGUMENTS AND AUTHORITIES

**A.    Plaintiff Failed to Exhaust Administrative Remedies for His Claims of Retaliation, Disability Discrimination, and Failure to Accommodate.**

Before a plaintiff can file a civil action under Title VII, he must exhaust his administrative remedies by filing a charge with the EEOC.  *Pacheco v. Mineta*, 448 F.3d 783, 788 (5th Cir. 2006). A plaintiff's claims in a Title VII lawsuit are limited to those within the scope of the EEOC charge or that could reasonably have been expected to "grow out of" the EEOC charge.  *Young v. City of Houston*, 906 F.2d 177, 179 (5th Cir. 1990) (citation omitted).   Because the procedural requirements for filing an ADA claim incorporate Title VII's administrative procedures, an ADA claimant must also exhaust his administrative remedies before filing a claim in federal court. *Patton v. Jacobs Eng'g Grp.*, 874 F.3d 437, 443 (5th Cir. 2017).

Plaintiff filed a charge in which he only checked the box indicating religious discrimination.

| DISCRIMINATION BASED ON *(Check appropriate box(es).)* | | | | |
|---|---|---|---|---|
| ☐ RACE | ☐ COLOR | ☐ SEX | ☒ RELIGION | ☐ NATIONAL ORIGIN |
| ☐ RETALIATION | ☐ AGE | ☐ DISABILITY | | ☐ GENETIC INFORMATION |
| ☐ OTHER *(Specify)* | | | | |

3

Further, Plaintiff's "discrimination statement" states, "I believe I was discriminated against because of my *religious belief*, in violation of Title VII of the Civil Rights Act of 1964, as amended." *Id.* (emphasis added). The foregoing makes clear that Plaintiff did not properly exhaust his administrative remedies as it relates to his retaliation, disability discrimination, and failure to accommodate claims because he neither checked the appropriate boxes nor included any mention of these claims in his "discrimination statement."

Plaintiff's failure to procedurally perfect his retaliation, disability discrimination, and failure to accommodate claims is further confirmed by comparing the "discrimination statement" in the Charge with the allegations in the Complaint (Dkt. #3). For example, Plaintiff's Charge is wholly devoid of any allegation of disability-based discrimination or retaliation. *See generally* Exhibit A. Moreover, Plaintiff's claim of retaliation stems from his termination, which occurred on December 14, 2022—nearly one year after Plaintiff filed his Charge. *See* (Dkt. #3, at p. 9). Accordingly, a claim for retaliation cannot "grow out of" the Charge when the underlying event forming the basis of the retaliation claim had not yet occurred as of the filing of the Charge.

---

[3] In considering a motion to dismiss, a court may take into account outside documents as part of the pleadings if such documents are referred to in the plaintiff's complaint and are central to its claims. *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). This is especially true in the context of a 12(c) motion. *See Great Plains*, 313 F.3d at 314; *Hebert*, 914 F.2d at 76. Here, Plaintiff's Charge of Discrimination is referred to in his Complaint and is central to his claims of discrimination, retaliation, and failure to accommodate. *See generally* (Dkt. #3). Accordingly, the Court's consideration of the Plaintiff's Charge of Discrimination is proper.

Germane to Plaintiff's failure to accommodate claim, merely stating that Plaintiff sought a "[r]eligious accommodation" and checking the "religion" box are insufficient to support the conclusion that Plaintiff's Charge included allegations to properly support a failure to accommodate claim.   A religious discrimination claim and failure to accommodate claim are separate and distinct claims, which are analyzed differently under the law.   These claims are not like or reasonably related to one another, and thus, one cannot expect a failure to accommodate claim to develop from an investigation into a claim that an employee was allegedly discriminated against because of his religion.  *See Novitsky v. Am. Consulting Eng'rs, L.L.C.*, 196 F.3d 699, 701–02 (7th Cir. 1999) (affirming that the plaintiff failed to exhaust the EEOC charge filing requirement on the failure-to-accommodate claim where the charge alleged only age and religious discrimination and a reasonable investigation would not likely have covered a failure-to-accommodate-religion claim); *see also Kojin v. Barton Protective Serv.*, 339 F.Supp.2d 923, 928–29 (S.D. Tex. 2004) (relying on *Novitsky* and dismissing age and hostile work environment claims because they were not included in the charge even though facts supporting those claims were included in the intake form).

Because Plaintiff failed to check the necessary boxes and did not include sufficient allegations within the Charge, Plaintiff failed to properly exhaust his administrative remedies as it relates to his claims for retaliation, disability discrimination, and failure to accommodate. Accordingly, such claims should be dismissed with prejudice.  *See id.*; *see also Stewart v. Smitty's Supply, Inc.*, No. CV 18-10058, 2020 WL 433362, at *7 (E.D. La. Jan. 28, 2020) (dismissing a plaintiff's claims of disability discrimination, failure to accommodate, and retaliation because the plaintiff's charge of discrimination failed to check the appropriate boxes or include sufficient allegations to support the claims); *Sudduth v. Tex. Health & Human Services Comm'n*, No. A-13-

CA-918-SS, 2014 WL 2858234, at *3 (W.D. Tex. June 23, 2014) (dismissing a plaintiff's claim for retaliation where the plaintiff failed to check to appropriate box and did not include any allegations of retaliation in the narrative).

**B.     Plaintiff's Intentional Infliction of Emotional Distress and Negligence Claims and Are Preempted.**

Plaintiff argues that Tyson acted negligently and intentionally inflicted Plaintiff with emotional distress by denying his religious exemption to its vaccination requirement. *See* (Dkt. #3 at pp. 8–9). The same facts supporting Plaintiff's religious discrimination claim underlie his negligence and intentional infliction of emotion distress ("IIED") claims. *See generally* (Dkt. #3). Because these claims are duplicative of his religious discrimination claim, they are preempted and should be dismissed with prejudice. *See McReynolds v. Bell Textron, Inc.*, No. 4:22-CV-00194-O-BP, 2023 WL 2432916, at *4–*5 (N.D. Tex. Feb. 2, 2023), report and recommendation adopted, No. 4:22-CV-00194-O-BP, 2023 WL 2432028 (N.D. Tex. Mar. 9, 2023) (dismissing a *pro se* plaintiff's claims for personal injury, defamation, and emotional distress because the underlying facts were duplicative of the plaintiff's Title VII claims) (citing *Butler v. Collins*, No. 3:18-CV-37-L, 2019 WL 13031414, at *3 (N.D. Tex. Mar. 31, 2019) ("Plaintiff's defamation and fraud claims are preempted by the TCHRA, as the gravamen of these claims is, as Defendants argue, for unlawful employment discrimination and retaliation, wrongs that the TCHRA is specifically designed to address."); *see also Carter v. H2R Rest. Holdings, LLC*, No. 3:16-cv- 1554-N-BN, 2017 WL 4548313, at *1 (N.D. Tex., Oct. 12, 2017) (claim for personal injury dismissed as duplicative of pro se plaintiff's affirmative causes of action); *Howe v. Yellowbook*, 840 F. Supp. 2d 970, 979 (N.D. Tex. 2011) (finding, in a case in which the plaintiff asserted an IIED claim in addition to sexual harassment, sexual discrimination, and retaliation claims after her supervisor

allegedly attempted to force her to have sex with him, that the IIED claim was preempted by the plaintiff's Title VII claim).

**C.      Even if Not Preempted, Plaintiff's Intentional Infliction of Emotional Distress Claim Fails as a Matter of Law.**

Assuming Plaintiff's IIED claim is not preempted, which it is, it remains futile as the relief sought from Plaintiff's IIED claim is provided by Title VII.  Intentional infliction of emotional distress is a "gap-filler" tort that cannot replace or duplicate existing statutory or common-law remedies.  In Texas, this is true "[e]ven if other remedies do not explicitly preempt the tort." *Creditwatch, Inc. v. Jackson*, 157 S.W.3d 814, 816 (Tex. 2005) (where employee suing former employer alleged harm stemming from supervisor's "lewd advances, including the subsequent retaliation that often follows when offensive advances are refused," plaintiff's claims were covered under the TCHRA, so IIED claim was not available even if the TCHRA claim was barred); *Jones v. Halliburton Co.*, 791 F. Supp. 2d 567, 601 (S.D. Tex. 2011) (dismissing the plaintiff's IIED claim because her Title VII cause of action—even though barred by the plaintiff's failure to exhaust administrative remedies—"exist[ed] to cover the actions complained of"); *see also Blasienz v. Hostmark Hosp. Group, Inc.*, No. CV H-18-0263, 2018 WL 11472372, at *2 (S.D. Tex. Apr. 26, 2018).

Here, Plaintiff's allegations of IIED are covered by the remedies available under Title VII, which means there is "no gap to fill."  Accordingly, Plaintiff's IIED claim warrants dismissal with prejudice.  *See id.*

**D.      Plaintiff's Allegations Relating to His Negligence Claim Fail to Satisfy *Iqbal* and *Twombly*.**

Even if Plaintiff's negligence claim was not preempted, which it is, Plaintiff's Complaint does not plausibly allege entitlement to relief on his negligence theory as there is no actionable duty or allegation supporting causation for breach of said duty.

1.     *Plaintiff Fails to Properly Allege an Actionable Legal Duty.*

In Texas, the elements of a common-law negligence claim are (1) a legal duty; (2) a breach of that duty; and (3) damages proximately resulting from the breach.  *Elephant Ins. Co., LLC v. Kenyon*, 644 S.W.3d 137, 144 (Tex. 2022).  "The threshold inquiry in a negligence case is duty," which "encompasses several questions of law: the existence, scope, and elements of a duty."  *Id.* "The existence of a legal duty is a question of law."  *Mission Petroleum Carriers, Inc. v. Solomon*, 106 S.W.3d 705, 710 (Tex. 2003).

Here, Plaintiff fails to allege facts demonstrating that Tyson owed him a legal duty in relation to the receipt of the COVID-19 vaccine.  Tyson did not manufacture, sell, or administer the COVID-19 vaccine.   To claim that Tyson maintained a legal duty to the vaccine's administration and effects as a result thereof is illogical and lacks any basis in law.

In the absence of facts demonstrating the existence of a legal duty, Plaintiff cannot satisfy the key element of his negligence claim and does not state a plausible negligence claim.  Thus, the Court should dismiss Plaintiff's negligence claim with prejudice.

2.     *Plaintiff Fails to Properly Allege Causation.*

Plaintiff alleges that he sustained (and continues to sustain) high blood pressure and "neuropathy" as a result of receiving the COVID-19 vaccine.  (Dkt. #3, at p. 8).  To establish causation, Plaintiff must plead—and ultimately prove—that he sustained his alleged injuries *due to Tyson's alleged negligence* rather than some other cause.  *See Excel Corp. v. Apodaca*, 81 S.W.3d 817, 820 (Tex. 2002) (holding that proximate cause is a required element of negligence and gross negligence, and in a case alleging "work-related injuries," the employee must prove "that if [the employer] had done something different at the worksite, [the employee] would not have been injured or would not have been injured as severely").

Here, the Complaint contains no such allegations. As described above, it merely alleges

in a conclusory fashion that Plaintiff suffers from high blood pressure and "neuropathy" because of the COVID-19 vaccine, which somehow is the result of Tyson's negligence. Such allegations are precisely the sort of "unadorned, the-defendant-unlawfully-harmed-me accusation" that cannot be accepted as true. *Iqbal*, 556 U.S. at 678. As the Supreme Court instructed, a plaintiff cannot satisfy Rule 8(a) simply by "tender[ing] 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

Put simply, the Complaint does not contain sufficient allegations to plausibly plead that Plaintiff contracted ailments from the COVID-19 vaccine due to Tyson's alleged negligence. Moreover, allegations based on mere speculation are insufficient. *See, e.g.*, *Hernandez v. Casey*, Civ. A. No. 3:16-CV-452-M-BH, 2017 WL 685679, at *9 (N.D. Tex. Jan. 12, 2017), *report and recommendation adopted by* 2017 WL 680309 (N.D. Tex. Feb. 21, 2017) (dismissing the plaintiff's claims where his allegations that the defendants' conduct "led to" his injuries "were too vague and conclusory to support the causation element" and plaintiff "therefore failed to allege sufficient facts to raise his right to relief above the speculative level"); *see also Doe v. Boys Clubs of Greater Dallas, Inc.*, 907 S.W.2d 472, 477 (Tex. 1995) (causation "cannot be established by mere conjecture, guess, or speculation").

Because Plaintiff fails to plead a plausible negligence cause of action, the Court should dismiss the claim with prejudice.

### E.    Plaintiff's Claim for Religious Discrimination Fails as a Matter of Law.

Plaintiff avers that his "religious beliefs" prevent him taking any vaccines, including the COVID-19 vaccine. (Dkt. #3, at p. 7). In accordance with these beliefs, Plaintiff submitted a religious exemption to Tyson's vaccination policy. *Id.* Plaintiff complains that Tyson discriminated against him because of his religion by denying his exemption. *Id.* Despite Plaintiff's "religious beliefs," approximately 13 days after submitting his religious exemption, Plaintiff received the COVID-19 vaccination. *Id.* As discussed below, Plaintiff's religious discrimination claim fails as a matter of law because he is unable to establish the requisite *prima face* case.

To establish a *prima facie* case of religious discrimination under Title VII, Plaintiff must establish that (1) he held a bona fide religious belief, (2) his belief conflicted with a requirement

of his employment, (3) his employer was informed of his belief, and (4) he suffered an adverse employment action for failing to comply with the conflicting employment requirement. *Davis v. Fort Bend Cty.*, 765 F.3d 480, 485 (5th Cir. 2014) (citing *Tagore v. United States*, 735 F.3d 324, 329 (5th Cir. 2013)).

At the motion to dismiss stage, although a plaintiff does not have to submit evidence to establish a *prima facie* case of discrimination, he does have to plead sufficient facts on all the ultimate elements of his claim to make his case plausible. *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 470 (5th Cir. 2016); *see also Raj. v. La. State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013). "[T]he ultimate question in a Title VII disparate treatment claim remains whether a defendant took the adverse employment action against a plaintiff because of h[is] protected status." *Raj*, 714 F.3d at 322 (internal citations and quotation marks omitted). Plaintiff's religious discrimination claim fails as a matter of law because he is unable to establish the first and fourth elements of a *prima facie* case.

1. *Plaintiff Does Not Hold a Bona Fide Religious Belief.*

Plaintiff summarily states that he is prevented from "taking any vaccines due to his strongly held religious beliefs." (Dkt. #3, at p. 7). Importantly, Plaintiff does not allege what those "religious beliefs" are and fails to reference any religious teachings or scripture. Plaintiff's generic and barebone allegations concerning his "religious beliefs" do not give him a "blanket privilege" to defy Tyson's lawful vaccine policy. *See Africa v. Com. of Pa.*, 662 F.2d 1025, 1031–32 (3d Cir. 1981); *We The Patriots USA, Inc. v. Hochul*, 17 F.4th 266, 292 (2d. Cir. 2021) (explaining Title VII does not provide employees with "a blanket religious exemption"). Plaintiff's failure to provide the requisite detail renders his claim futile. *See Finkbeiner v. Geisinger Clinic*, No. 4:21-CV-01903, 2022 WL 3702004, at *4 (M.D. Pa. Aug. 26, 2022) (granting Rule 12 motion to dismiss religious discrimination claims involving objections to testing requirement under COVID-19 vaccination policy where Plaintiff's Complaint consisted of "distorted statements and anti-vaccine hocus-pocus" and failed to establish a sincere religious opposition to testing).

Setting aside Plaintiff's pleading deficiencies, Plaintiff's own conduct undermines any attempt to establish the first element of a *prima facie* case.

When assessing if a religious belief is sincere, courts often look at whether the plaintiff acted in a manner inconsistent with his or her professed beliefs.  *See Together Employees v. Mass General Brigham, Inc.*, 573 F.Supp.3d 412, 439 (D. Mass 2021) ("[e]vidence that an employee acted inconsistently with his or her professed belief is relevant in assessing whether a belief is sincerely held"); *Hansard v. Johns–Manville Prod. Corp.*, 1973 WL 129 (E.D. Tex. 1973) (sincerity of a belief is often judged by how consistently a person has acted with respect to that belief); *see also Int'l Soc'y for Krishna Consciousness, Inc. v. Barber*, 650 F.2d 430, 441 (2d Cir. 1981) (explaining that a belief is insincere when plaintiff "acts in a manner inconsistent with that belief").

Here, Plaintiff alleges that his undefined religious beliefs prevent him from receiving the COVID-19 vaccination.  (Dkt. #3, at p. 7).  However, on October 18, 2021, Plaintiff received the very vaccine he claims his religious beliefs prohibited him from receiving.  *Id.*  Such contradictory conduct makes evident the insincerity of Plaintiff's alleged "religious beliefs." *See* Hansard, 1973 WL 129, at *2 (holding that plaintiff "failed to demonstrate the requisite sincerity of religious convictions to make out a prima facie case under Title VII" due to his inconsistency between his actions and beliefs); *Hussein v. The Waldorf-Astoria*, 134 F. Supp. 2d 591, 596 (S.D. N.Y. 2001) (holding the plaintiff failed to establish a bona fide religious belief because his prior and subsequent actions were inconsistent with the alleged religious belief).

Because Plaintiff cannot satisfy the first element of his *prima facie* case, his religious discrimination claim fails.

2.    *Plaintiff Did Not Suffer an Adverse Employment Action.*

Assuming Plaintiff can satisfy the first element, which he cannot, Plaintiff remains unable to establish a *prima facie* case as he cannot meet the fourth element, an adverse employment action for failing to comply with the conflicting employment requirement, *i.e.*, the Policy.

As an initial matter, Plaintiff complied with the employment requirement—the Policy—which allegedly conflicted his purported religious belief.  Accordingly, any adverse employment action cannot logically be tied to Plaintiff's failure to abide by the Policy when no such failure exists.

Although termination of employment can constitute an adverse employment action, Plaintiff's employment ended approximately 14 months *after* he submitted his request for a religious exemption and received the vaccine.  Plaintiff's Complaint is void of any allegations demonstrating how his termination of employment resulted from his initial opposition to the Policy.  Accordingly, he is unable to establish a *prima facie* case, which is futile to his religious discrimination claim.

### V.
### CONCLUSION

Based on the foregoing, Tyson respectfully requests that the Court dismiss each of Plaintiff's claims, with prejudice, and award Tyson all further and additional relief to which it is entitled.

Dated:  June 28, 2023                              Respectfully submitted,

                                                   /s/ Sherry L. Travers
                                                   Sherry L. Travers
                                                   Texas State Bar No. 00793097
                                                   stravers@litter.com
                                                   Ross G. Reyes
                                                   Texas State Bar No. 24105707
                                                   rgreyes@littler.com

                                                   LITTLER MENDELSON, P.C.
                                                   2001 Ross Avenue, Suite 1500
                                                   Dallas, TX 75201
                                                   214.880.8100
                                                   214.880.0181 (Fax)

                                                   **ATTORNEYS FOR DEFENDANT**
                                                   **TYSON FRESH MEATS, INC.**


## CERTIFICATE OF SERVICE

On June 28, 2023, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the Case Management/Electronic Case Filing (CM/ECF) system, which served the foregoing document to Plaintiff, proceeding *pro se*:

Christopher K. McNeill
2200 SW 7th Ave., Apt. 602
Amarillo, Texas 79106
cmcneill0114@gmail.com
***Pro Se Plaintiff***

                                                   /s/ Sherry L. Travers
                                                   Sherry L. Travers

# EXHIBIT A

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974.  See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 450-2022-00676 |

| TEXAS WORKFORCE COMMISSION CIVIL RIGHTS DIVISION | and EEOC |
|---|---|
| *State or local Agency, if any* | |

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone | Year of Birth |
|---|---|---|
| **MR. CHRISTOPHER K MCNEILL** | **(806) 410-8527** | |

| Street Address | City, State and ZIP Code |
|---|---|
| **814 SOUTH LAMAR STREET, AMARILLO,TX 79106** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others.  (*If more than two, list under PARTICULARS below.*)

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| **TYSON** | **501+** | |

| Street Address | City, State and ZIP Code |
|---|---|
| **5000, FM 1912, AMARILLO, TX 79108** | |

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☐ RACE   ☐ COLOR   ☐ SEX   ☒ RELIGION   ☐ NATIONAL ORIGIN

☐ RETALIATION   ☐ AGE   ☐ DISABILITY   ☐ GENETIC INFORMATION

☐ OTHER *(Specify)*

DATE(S) DISCRIMINATION TOOK PLACE
Earliest **10-18-2021**   Latest **10-22-2021**

☒ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

**PERSONAL HARM:**
**I began employment with Respondent on July 11, 2016. I requested Religious Accommodation to be exempt from the COVID-19 vaccine mandate on October 5, 2021. Respondent automatically refused my request for accommodation and displayed an indifferent and/ or inflexible policy that allowed zero exceptions. Trent (LNU) from Human Resources gave me three options 1. Receive the Johnson & Johnson COVID-19 Vaccine by October 18, 2021, to be fully vaccinated by November 1, 2021. 2. I could be placed on a year-long leave of absence without pay and then discharged. 3. I could elect to be Terminated on the Spot. To keep my job and against my will, I was vaccinated with the Johnson & Johnson COVID-19 vaccine on October 18, 2021; within minutes, the left side of my face started to spasm as I drove back to work; I became sick from the vaccine's side effects. October 22, 2021, I was sent home from work. To date, I am still unable to work; my doctor has not released me due to my unknown disability from the mandated COVID-19 vaccine.**

| I want this charge filed with both the EEOC and the State or local Agency, if any.  I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| **Digitally signed by Christopher K Mcneill on 12-17-2021 07:27 PM EST** | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (*month, day, year*) |

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974.  See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | **450-2022-00676** |

| **TEXAS WORKFORCE COMMISSION CIVIL RIGHTS DIVISION** | and EEOC |
|---|---|
| *State or local Agency, if any* | |

**RESPONDENT'S REASON FOR ADVERSE ACTION:**
**I was not provided a legitimate reason why my reasonable accommodation was denied when it caused no undue hardship for the company.**

**DISCRIMINATION STATEMENT:**
**I believe I was discriminated against because of my religious belief, in violation of Title VII of the Civil Rights Act of 1964, as amended.**

| I want this charge filed with both the EEOC and the State or local Agency, if any.  I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| <br>**Digitally signed by Christopher K Mcneill on 12-17-2021 07:27 PM EST** | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(*month, day, year*) |