IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| CHRISTOPHER K. MCNEILL, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 2:23-CV-041-Z |
| TYSON FRESH MEATS, INC., | § § § | |
| Defendant | § § | |

### DEFENDANT'S BRIEF IN SUPPORT OF ITS RESPONSE IN OPPOSITION TO PLAINTIFF'S SECOND MOTION FOR SUMMARY JUDGMENT

Defendant Tyson Fresh Meats, Inc. ("Tyson") files this Brief in Support of Its Response in Opposition to Plaintiff's Motion for Summary Judgment (Dkt. #44) ("Second Motion"), and in support thereof shows as follows:

### I.
### SUMMARY OF RESPONSE

Plaintiff's Second Motion is futile as it fails to comply with the Northern District of Texas Local Civil Rules and refers to a pleading not accepted by the Court. Further, Plaintiff's Second Motion warrants denial as Plaintiff fails to establish, as a matter of law, every element to each of his claims. Accordingly, the Court should deny Plaintiff's second Motion for Summary Judgment.

### II.
### RELEVANT PROCEDURAL HISTORY

On March 14, 2023, Plaintiff filed his Original Complaint (Dkt. #3), and Tyson filed its Answer (Dkt. #15) on June 7, 2023. Shortly thereafter, Plaintiff filed his first Motion for Summary Judgment (Dkt. #18) and brief in support (Dkt. #19) (collectively, "First Motion") on June 9 and

June 12, respectively.[1] Tyson filed its Rule 12(b)(6) Motion to Dismiss or in the Alternative Rule 12(c) Motion for Judgment on the Pleadings (Dkt. #21) and Brief in Support (Dkt. #22) (collectively, "Motion to Dismiss") on June 28.[2] Both Plaintiff's First Motion and Tyson's Motion to Dismiss are ripe and ready for review.

On August 8, 2023, Plaintiff sought leave to file an amended complaint (Dkt. #38) ("Motion for Leave"), which Tyson responded to on August 28 (Dkt. #41). On September 12, Plaintiff and counsel for Tyson conferred on Plaintiff's Motion for Leave. Counsel for Tyson stated they did not oppose Plaintiff's filing of an amended complaint, but Tyson did "not waive and reserve[d] the right to file motions relating to or challenging [Plaintiff's] First Amended Complaint, should the Court grant [Plaintiff's] motion for leave." On September 14, Plaintiff filed an amended complaint, which included therein a request for leave to file said amended complaint (Dkt. #43). The Court has not yet ruled on Plaintiff's request for leave to file his most recent amended complaint (Dkt. #43).

During the pendency of Plaintiff's First Motion (Dkt. #18; Dkt. #19), Tyson's Motion to Dismiss (Dkt. #21; Dkt. #22), and Plaintiff's request for leave to file an amended complaint (Dkt. #43), Plaintiff filed his Second Motion (Dkt. #44) on September 21.

## III.
## ARGUMENTS AND AUTHORITIES

**A.** **Plaintiff Fails to Comply with the Local Rules.**

Local Rule 56.2(b) states, "[u]nless otherwise directed by the presiding judge, or permitted by law, a party may file no more than one motion for summary judgment." Plaintiff filed his First

---

[1] On June 30, 2023, Tyson filed its Response in Opposition (Dkt. #24), Brief in Support of Its Response (Dkt. #25), and Objections to Plaintiff's Summary Judgment Evidence (Dkt. #26). Plaintiff filed his Reply in Support (Dkt. #28) on July 6, and Tyson filed its Sur-Reply (Dkt. #40) on August 11.
[2] On July 6, 2023, Plaintiff filed his Response in Opposition (Dkt. #27). Tyson filed its Reply in Support (Dkt. #31) on July 20.

2

Motion on June 9 (Dkt. #18) and June 12 (Dkt. #19).  Because Plaintiff already filed a motion for summary judgment, he is prohibited from filing a second motion for summary judgment.  *See* LR 56.2.  On this basis alone, Plaintiff's Second Motion fails.

B.  **Plaintiff Seeks Judgment on a Pleading Not Accepted by the Court.**

Plaintiff's Second Motion seeks summary judgment on the claims asserted in Plaintiff's Amended Complaint.  *See* (Dkt. #44) ("this is the motion for summary judgment for the amended complaint against Tyson . . .").  Importantly, the Court has not yet ruled on Plaintiff's request for leave to file an amended complaint.  Thus, the live complaint remains Plaintiff's Original Complaint (Dkt. #3).  Accordingly, Plaintiff's Second Motion is premature as it seeks relief on a pleading the Court has not accepted.  Nevertheless, even if the Court granted Plaintiff leave to file an amended complaint, as discussed *supra*, Plaintiff remains prohibited from filing a second motion for summary judgment on the amended complaint.  *See* LR 56.2

C.  **Plaintiff Fails to Satisfy His Evidentiary Burden to Warrant Summary Judgment.**

Even if the Local Rules did not prohibit Plaintiff's Second Motion, and the Court granted Plaintiff leave to file an amended complaint, Plaintiff's Second Motion fails as it is not supported by *any* evidence.  Local Rule 56.6(a) requires a party relying on materials in the record to "include [those] materials in an appendix."  Further, when referring to any supporting materials, the party must cite "each relevant page of its own" appendix.  LR 56.5(c).  Plaintiff failed to comply with Local Rules 56.5 and 56.6, as his Second Motion is void of any supporting evidence.  Indeed, Plaintiff cannot cite to any evidence in his pre-discovery motion because no evidence, as that term is commonly understood, exists yet in this case.[3]  Because Plaintiff's Second Motion lacks *any*

---

[3] The Fifth Circuit has explained that "[s]ummary judgment assumes some discovery" (*Brown v. Miss. Valley State Univ.*, 311 F.3d 328, 333 (5th Cir. 2002)), and such motions should not "ordinarily be granted before discovery has been completed." *Ala. Farm Bureau Mut. Cas. Co., Inc. v. Am. Fid. Life Ins. Co.*, 606 F.2d 602, 609 (5th Cir. 1979); *see F.D.I.C. v. Shrader & York*, 991 F.2d 216, 220 (5th Cir. 1993) ("Summary

evidence to support the arguments made therein, Plaintiff fails to satisfy his evidentiary burden to prevail on summary judgment. Stated differently, Plaintiff's Second Motion fails as a matter of law because Plaintiff does not provide the Court with evidence satisfying his evidentiary burden as the movant.

Setting aside the foregoing, should the Court consider the merits of Plaintiff's Second Motion, it remails futile. Rather than reassert its arguments and legal analyses as to why Plaintiff is not entitled to summary judgment on any of his claims, Tyson incorporates herein its Response (Dkt. #25) and Sur-Reply (Dkt. #40) in opposition to Plaintiff's First Motion, which make abundantly clear Plaintiff's inability to establish as a matter of law that he is entitled to judgment on each of his claims.

## IV.
## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Tyson respectfully prays that the Court deny Plaintiff's Second Motion for Summary Judgment.

---

judgment is appropriate if, after discovery, there is no genuine dispute over any material fact."). As a result, courts have denied as premature summary judgment motions filed before the parties have had adequate opportunity to conduct discovery. *See, e.g., Cree v. Braco*, No. 2:21-CV-00208, 2022 WL 1379512, at *1 (S.D. Tex. Apr. 6, 2022) (recommending the district judge deny without prejudice as premature plaintiff's summary judgment motion, where defendant had not yet answered and no discovery had taken place); *Whitfield v. Miss. Bureau of Narcotics*, No. 3:17cv987-HSO-JCG, 2019 WL 6534144, at *4 (S.D. Miss. Dec. 4, 2019) ("Because neither party has had adequate time to complete discovery, [p]laintiff's [m]otion for [s]ummary [j]udgment should be denied without prejudice as premature."); *George v. Go Frac, LLC*, No. SA-15-CV-943-XR, 2016 WL 94146, at *3 (W.D. Tex. Jan. 7, 2016) ("Granting summary judgment not just before discovery has been completed, but before it has even begun on this issue, would be premature.").

Dated: October 12, 2023

Respectfully submitted,

*/s/ Sherry L. Travers*
Sherry L. Travers
Texas State Bar No. 00793097
stravers@litter.com
Ross G. Reyes
Texas State Bar No. 24105707
rgreyes@littler.com

LITTLER MENDELSON, P.C.
2001 Ross Avenue, Suite 1500
Dallas, TX 75201
214.880.8100
214.880.0181 (Fax)

**ATTORNEYS FOR DEFENDANT TYSON FRESH MEATS, INC.**

## CERTIFICATE OF SERVICE

On October 12, 2023, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the Case Management/Electronic Case Filing (CM/ECF) system, which served the foregoing document to Plaintiff, proceeding *pro se*:

Christopher K. McNeill
2200 SW 7th Ave., Apt. 602
Amarillo, Texas 79106
cmcneill0114@gmail.com
***Pro Se Plaintiff***

*/s/ Sherry L. Travers*
Sherry L. Travers