EXHIBIT A

# SETTLEMENT CONFERENCE PROCEDURES
# MAGISTRATE JUDGE LEE ANN RENO
*Effective September 23, 2022*

1. **Definition of Mediation**. Mediation is a process through which an impartial person, the mediator, facilitates communication between the parties to promote reconciliation, settlement, or understanding among them. The mediator may suggest ways of resolving the dispute but may not impose her own judgment on the issues for that of the parties.

2. **Agreement of Parties**. Whenever the parties have agreed to mediation, they shall be deemed to have made these rules, as amended and in effect as of the date of the submission of the dispute, a part of their agreement to mediate.

3. **Authority of Mediator**. The Mediator does not have the authority to decide any issue for the parties but will attempt to facilitate the voluntary resolution of the dispute by the parties. The Mediator is authorized to conduct joint and separate meetings with the parties and to offer suggestions to assist the parties achieve settlement.

4. **Commitment to Participate in Good Faith**. While no one is asked to commit to settle their case in advance of mediation, all parties commit to participate in the proceedings in good faith with the intention to settle, if at all possible.

5. **Parties Responsible for Negotiating Their Own Settlement**. The parties understand that the Mediator will not and cannot impose a settlement in their case and agree that they are responsible for negotiating a settlement acceptable to them. The Mediator, as an advocate for settlement, will use every effort to facilitate the negotiations of the parties.

6. **Authority of Representatives**. PARTY REPRESENTATIVES MUST HAVE FULL AUTHORITY TO SETTLE AND ALL PERSONS NECESSARY TO THE DECISION TO SETTLE SHALL BE PHYSICALLY PRESENT. The names and addresses of such persons shall be communicated in writing to all parties and to the Mediator.

7. **Time and Place of Mediation**. The Mediator shall fix the time of the mediation session(s). The mediation shall be held in the Second Floor Courtroom of the Mary Lou Robinson United States Courthouse, 205 S.E. 5th Ave., Amarillo, Texas.

8. **Identification of Matters in Dispute**. Prior to the scheduled mediation session(s), each party shall provide the Mediator with a Confidential Settlement Information Sheet on the form provided by the Mediator setting forth its position with regard to the issues that need to be resolved.

At or before the first session, the parties will be expected to produce all information reasonably required for the Mediator to understand the issues presented. The Mediator may require any party to supplement such information.

9. **Privacy**. Mediation sessions are private. The parties and their representatives may attend mediation sessions. Other persons may attend <u>only</u> with the permission of the parties <u>and</u> with the

consent of the Mediator.

10. **Confidentiality**. Confidential information disclosed to a Mediator by the parties or by witnesses in the course of the mediation shall not be divulged by the Mediator. All records, reports, or other documents received by a mediator while serving in that capacity shall be confidential. The Mediator shall not be compelled to divulge such records or to testify in regard to the mediation in any adversary proceeding or judicial forum. Any party that violates this agreement shall pay all fees and expenses of the Mediator and other parties, including reasonable attorney's fees, incurred in opposing the efforts to compel testimony or records from the Mediator.

The parties shall maintain the confidentiality of the mediation and shall not rely on, or introduce as evidence in any arbitral, judicial, or other proceeding: (a) views expressed or suggestions made by another party with respect to a possible settlement of the dispute; (b) admissions made by another party in the course of the mediation proceedings; (c) proposals made or views expressed by the Mediator; or (d) the fact that another party had or had not indicated willingness to accept a proposal for settlement made by the Mediator.

The parties may not use any information learned by the Mediator during the mediation to request the Mediator's recusal from this or any future case.

11. **No Stenographic Record**. There shall be no stenographic record of the mediation process.

12. **Termination of Mediation**. The mediation shall be terminated: (a) by the execution of a settlement agreement by the parties; or (b) by declaration of the Mediator to the effect that further efforts at mediation are no longer worthwhile.

13. **Exclusion of Liability**. The Mediator is not a necessary or proper party in judicial proceedings relating to mediation. The Mediator shall not be liable to any party for any act or omission in connection with any mediation conducted under these rules.

14. **Interpretation and Application of Rules**. The Mediator shall interpret and apply these rules.

15. **Required Attendees**. All parties and their counsel are required to attend the settlement conference in-person, unless otherwise directed by Court order or permitted in writing to appear by video. Absent exceptional circumstances and prior approval by the Court, attendance by telephone is not permitted. Corporations, government agencies and other non-natural persons must be represented at the conference by a person with unlimited authority to negotiate a settlement. An insured party may attend the conference but a representative of the insurance carrier with full authority to negotiate up to the limits of coverage on behalf of the insured must attend the conference. A person who must call another person not present at the conference before agreeing to a settlement does not have unlimited authority.

If an interpreter is needed for any party, each party must supply its own simultaneous interpreter (who need not have any special certification). The Court does not provide interpreters for settlement conferences.

16. **Attorney's Fees and Expenses**. During the settlement conference, the parties and their counsel must be prepared to inform the Court of the amount of attorneys' fees and expenses incurred to date, and an estimate of the remaining costs (including attorneys' fees) of litigating the case to judgment, including any appeal(s).

EXHIBIT B

CONFIDENTIAL SETTLEMENT CONFERENCE INFORMATION SHEET
(For settlement conferences before United States Magistrate Judge Lee Ann Reno)

1. Case Number and Style (including party association, i.e., defendant, plaintiff):

   _____

2. Settlement Conference Date:

   _____

3. Trial Date (if set):

   _____

4. Names, addresses and telephone numbers of you and your client (identifying all attorney(s) and authorized representative(s) who will be attending the settlement conference):

   _____

   _____

5. Names, addresses and telephone numbers of non-parties, if any, having permission of the parties to attend (identifying attorney(s) and authorized representative(s) who will be attending the settlement conference):

   _____

   _____

6. A brief statement of the facts of the case:

   _____

   _____

   _____

   _____

   _____

   _____

7. Succinctly state the nature of your claims, defenses and counterclaims:

   _____

   _____

   _____

   _____

   _____

   _____

   _____

8. What relief do you seek?

   _____

   _____

9. What was your last demand/settlement offer? When was that demand/offer made? (an offer must be made before submitting this information sheet to Judge Reno):

   _____

   _____

10. Provide a summary of settlement discussions, mediations, or evaluations to date, if any:

    _____

    _____

    _____

    _____

11. What are the primary disputed issues of fact in this case, from your perspective?

    _____

    _____

_____

_____

_____

12. What are the primary disputed issues of law in this case, from your perspective?

_____

_____

_____

_____

13. Provide a candid evaluation of each party's likelihood of prevailing on the claims and defenses in this case:

_____

_____

14. Do you have enough information to form a realistic settlement position? If not, what other information do you need?

_____

_____

15. What is the status of discovery, if this case is <u>not</u> pending in the Amarillo Division of the Northern District of Texas?

_____

_____

16. Provide a summary of the proceedings to date, if this case is <u>not</u> pending in the Amarillo Division of the Northern District of Texas:

_____

_____

_____

17. Are there any motions pending before the Court? If so, please list them and the date they were filed.

   _____

   _____

18. Provide an estimate of the fees and costs incurred by the party to date, and the fees and costs expected to be incurred for further proceedings:

   _____

   _____

19. Provide a realistic settlement amount and/or non-monetary claims that, given all the circumstances, the party submitting this information sheet would consider seriously:

   _____

   _____

20. Is there any other information that you believe Judge Reno needs to know to facilitate the settlement conference?

   _____

   _____

   _____

   _____

21. If you desire, you may attach a short (three page maximum) confidential mediation statement.